Complainant is a mortgagee in possession. It moves for the appointment of a receiver to collect the rents pending the foreclosure suit. "Now a receiver appointed by a court of equity in a foreclosure case is a substitute for taking possession under the common law. It is a convenient substitute. * * * But such a receiver has no more rights than the mortgagee himself would have * * *." Stewart v. Fairchild-Baldwin Co., 91 N.J. Eq. 86. The motion for a receiver must be denied on two grounds. First, the complainant has elected its remedy and discloses no change of circumstance that entitles it to a new election. Second, no benefit to accrue from the appointment of a receiver is shown. The purpose of such an appointment is, by use *Page 268 
of the income, to preserve the property, to keep down prior liens, and to accumulate a fund which may be applied against an anticipated deficiency.
All these ends may be as well accomplished by complainant in possession as by a receiver. A receiver is not appointed unless it appears that a receivership is reasonably necessary to protect the rights of the moving party.
Complainant, in the alternative, asks the court to authorize it to repair and renovate the mortgaged premises, to effect insurance and to pay taxes, to apply the rents for these objects, and generally to do all things proper and necessary in the management of the property.
The rights and duties of a mortgagee in possession are fixed by law, that is, by equitable precedents and principles illustrated by the decisions of this court and other courts of like jurisdiction. Complainant's rights as mortgagee in possession cannot be enlarged or altered by the order of the court. But, granting that these rights are somewhat uncertain, complainant cannot (as might a receiver) obtain the direction of the courtpendente lite. Complainant is not an agency of the court. Eventually, if any party in interest desires it, complainant will have to account for the profits accruing during its possession. On such an account, its rights will be determined by the decree without any prejudice such as might result from the order it now seeks. Motion denied.